UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASHLEY CREMER, et al., | : | Civil Action No. 04-2124 |
| Plaintiffs, | : | Hon. JOSE L. LINARES, U.S.D.J. |
| v. | : | |
| FX SOLUTIONS, LLC, ROBERT S. CORTRIGHT; STEPHEN C. CORTRIGHT; and THOMAS F. PLAUT, | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |
| and | : | |
| FX SOLUTIONS, LLC, | : | |
| Third Party Plaintiff, | : | |
| v. | : | |
| KEVIN CAPOZZI, et al., | : | |
| Third Party Defendants. | : | |

INTRODUCTION

Defendants/Third Party Plaintiff ("FX") have moved for sanctions against third-party defendants Kevin Capozzi, Oakley Thomas, Christopher Black, Azienda, Inc., Corcovado, Inc., and Swordfish Holdings, Inc. and for attorneys' fees and costs. I have considered the papers submitted in support of the motion. There was no opposition from any third-party defendant. There was no oral argument. Rule 78.

DISCUSSION

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether an extreme is appropriate. 747 F.2d at 868; see Scarborough v. Eubanks, 747 F.2d 871, 975-76 (3d Cir. 1984).

The relevant facts as to Kevin Capozzi , Azienda, Inc., Corcovado, Inc., and Swordfish Holdings, Inc., are set forth in paragraphs 3 through 14 of the Certification of Gina M. Pontoriero. I directed FX to effect service through publication on Azienda, Inc., Corcovado, Inc., and Swordfish Holdings, Inc. I also directed Kevin Capozzi to bear the costs of publication.

Neither Azienda, Inc., Corcovado, Inc., nor Swordfish Holdings, Inc., answered or otherwise moved in response to service by publication. Accordingly, I recommend that defaults be entered against these third-party defendants and that FX move for the entry of default judgment against each within ten days of the entry of default.

As to Kevin Capozzi., he is in violation of two orders requiring him to compensate FX for the costs of publication. Capozzi is proceeding pro se and he is personally responsible for having failed to comply with the Orders. There is a demonstrated history of noncompliance here by Capozzi, having already failed to comply with the Orders. Capozzi's communications with FX, as reflected in paragraphs 12 and 13 of the Pontoriero certification, demonstrate that he has made a conscious decision not to comply with the Orders. Although Capozzi's failure to comply does not reflect on whether he has a meritorious defense and does not demonstrate any prejudice to FX, Capozzi's willful failure to comply does demonstrate contemptuous conduct on his behalf. Anything in the nature of a further Order would appear to be meaningless and I have no basis to conclude that

a monetary sanction would be appropriate. Accordingly, I recommend that Capozzi's pleadings and defenses be stricken, that a default be entered against him, and that FX move for the entry of default judgment against him within ten days of the entry of default.

As to Oakley Thomas and Christopher Black, these third-party defendants were served with discovery requests on November 22, 2004. They failed to respond to the requests and, on February 1, 2005, I directed, among other things, that Black and Thomas respond not later than January 20, 2005. Neither did so. On September 9, 2005, I directed that all parties make their pretrial submissions on certain dates. Again, neither Thomas nor Black complied.

Thomas and Black are both proceeding pro se. Accordingly, they are personally responsible for having failed to comply with the Orders. This demonstrates a history of noncompliance on their part. Not having received any indication from Thomas or Black on the contrary, I can only assume they have made a conscious decision not to comply with the Orders and not to defend this civil action.

Although I cannot say from my review of the pleadings that Thomas and Black do not have meritorious defenses, their failure to comply with the Orders makes it impossible to complete discovery, enter a Final Pretrial Order, or set this matter down for trial. It should also be noted that the passage of time before trial cannot help but contribute to inevitable dimming of witnesses' memories. See Scarborough v. Eubanks, supra., 747 F.2d at 876. FX has been prejudiced by the failure of Thomas and Black to comply with the Orders. Finally, alternative sanctions would not be appropriate. Thomas and Black have already failed to comply with Orders and there is nothing that demonstrates that a further order or a monetary sanction would be appropriate. Their pleadings and defense should be stricken, defaults entered against them, and FX should move for the entry of

3

default judgment within ten days of the entry of default.

## CONCLUSION

As to each third-party defendant, a majority of the Poulis factors weigh in favor of an extreme sanction. "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's Complaint becomes a mechanical calculation ***. Not all of the Poulis factors need to be satisfied in order to dismiss the Complaint." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

For the reasons set forth above, I recommend that:

(1) Defaults be entered against Azienda, Inc., Corcorvado, Inc., and Swordfish Holdings, Inc., with FX moving for default judgment within ten days of the entry thereof;

(2) The Answer and defenses of Kevin Capozzi, Oakley Thomas and Christopher Black be stricken, with FX moving for default judgement within ten days of the entry thereof;

(3) Judgment be entered in favor of FX and against Kevin Capozzi in the amount of $1,490, representing the costs of service by publication.

(4) Given the extreme sanctions recommended, FX not be awarded its reasonable fees and costs incurred in making this motion.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten days from receipt of this Report and Recommendation to file and serve objections.

s/Ronald J. Hedges
RONALD J. HEDGES
UNITED STATES MAGISTRATE JUDGE